# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ALEXANDER THURMAN, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Civil Action No. 4:23-cv-88 |
| | § Judge Mazzant |
| SAFECO INSURANCE COMPANY OF | § |
| INDIANA, | § |
| | § |
| *Defendant.* | § |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment (Dkt. #21) and Defendant Safeco Insurance Company of Indiana's Supplemental Motion for Summary Judgment (Dkt. #36). Having considered the motions and the relevant pleadings, the Court finds that Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment should be **GRANTED in part** and Defendant Safeco Insurance Company of Indiana's Supplemental Motion for Summary Judgment should be **DENIED**.

### BACKGROUND

This case involves a dispute over the sufficiency and timing of insurance payments from Defendant Safeco Insurance Company of Indiana ("Safeco") to Plaintiff Alexander Thurman ("Thurman"). Thurman possessed a home in Allen, Texas (Dkt. #21. Exhibit 1 ¶ 3). Thurman

insured his home with an insurance policy (the "Insurance Policy") from Safeco (Dkt. #21. Exhibit 1 ¶ 3).

Thurman first reported the insurance claim at issue to Safeco on or about February 17, 2021 following a winter storm (Dkt. #11 ¶ ; Dkt. #21. Exhibit 1 ¶ 3). Between March 5, 2021 and October 21, 2022, Safeco paid a total of $512,540.99 to Thurman pursuant to the Insurance Policy (Dkt. #21 at p. 6). Safeco later paid an additional $372.26 to Thurman in 2023 (Dkt. #36, Exhibit 2 at pp. 2–3).

The Insurance Policy contained an appraisal provision:

> If you and we do not agree on the amount of the loss, including the amount of actual cash value or replacement cost, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the actual cash value or replacement cost of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

(*See* Dkt. #21, Exhibit 2 at pp. 39–40). On December 9, 2022, Safeco invoked an appraisal pursuant to the Insurance Policy (Dkt. #21, Exhibit 21). On August 30, 2023, the appraisal panel valued Thurman's loss at $457,064.44 as to his dwelling (Dkt. #21, Exhibit 23).

On December 27, 2022, Thurman brought suit against Safeco in Texas state court for breach of contract, unfair or deceptive acts or trade practices, breach of the common law duty of good faith and fair dealing, and breach of the Prompt Payment of Claims Act (Dkt. #3). On February 2, 2023, Safeco removed the case to this Court on the basis of diversity jurisdiction (Dkt. #1). On March 6, 2023, Thurman amended his complaint without adding or removing any

claims (Dkt. #11). In its live answer, Safeco states that "[Thurman's] claims are barred, in whole or in part, by the defenses of waiver and/or estoppel" (Dkt. #29 ¶ 74).

On December 15, 2023, Safeco filed Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment (Dkt. #21). On January 9, 2024, Thurman filed his response (Dkt. #23; Dkt. #24). On January 16, 2024, Safeco filed its reply (Dkt. #26). On March 28, 2024, Thurman filed a supplemental response (Dkt. #45). On April 8, 2024, Safco filed a supplemental reply (Dkt. #47; Dkt. #48).

On February 9, 2024, Safeco filed Defendant Safeco Insurance Company of Indiana's Supplemental Motion for Summary Judgment (Dkt. #36). On February 27, Thurman filed his response (Dkt. #39).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or

3

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."

## ANALYSIS

After a careful review of the record and the arguments presented, the Court finds that Safeco has demonstrated that no genuine issue of material fact exists as to the loss amount on

Thurman's claim regarding his dwelling. However, this result does not eliminate any of Thurman's claims in their entirety because a genuine issue of material fact remains as to each claim.

Safeco argues that its payment of an amount greater than the appraisal award estops Thurman from maintaining a breach of contract claim against Safeco (Dkt. #21 at p. 11). According to Safeco, "the appraisal panel determined that the amount of loss to Plaintiff's dwelling was $457,065.44, which is less than the [amount] that Safeco paid for damage to the dwelling during the claims handling process" (Dkt. #21 at p. 13). Safeco further claims that "[b]ecause the Appraisal Award established the amount of loss and Plaintiff is not entitled to any additional policy benefits, Plaintiff's breach of contract claim is barred as a matter of law" (Dkt. #21 at pp. 13–14).

In response, Thurman claims that "[a]ppraisals do not supplant the judicial process" (Dkt. #24 ¶ 26). Further, Thurman notes that to estop a breach of insurance contract claim, a defendant must show "(1) the existence of a binding and enforceable appraisal award; (2) [the d]efendant's payment of the award in a timely manner; and (3) [the p]laintiff's acceptance of the payment") (Dkt. #24 ¶ 40) (citing *Church on the Rock N. v. Church Mut. Ins., Co*,. 3:10-CV-975, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013)). Thurman argues that genuine issues of material fact exist regarding the second and third elements of estoppel (Dkt. #24 ¶ 41).

"Appraisal clauses in Texas insurance policies have long provided a mechanism to resolve disputes between policy holders and insurers about the amount of loss for a covered claim." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019) (citing *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406–07 (Tex. 2011)). "Unlike arbitration, which determines the rights and liabilities of the parties, appraisal merely binds the parties to have the extent or amount of the

loss determined in a particular way." *Id.* (quoting *In re Allstate Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)) (internal quotations omitted). "[The Supreme Court of Texas] ha[s] lauded the appraisal process as an efficient and less costly alternative to litigation, requiring 'no lawsuits, no pleadings, no subpoenas, and no hearings.'" *Id.* (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009)). "[L]ike any other contractual provision, appraisal clauses should be enforced." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 814 (Tex. 2019) (quoting *Johnson*, 290 S.W.3d at 890)).

The appraisal value of $457,064.44 sets the loss amount as to Thurman's dwelling. Safeco invoked an appraisal pursuant to the Insurance Policy (Dkt. #21, Exhibit 21). Thurman has not provided any reason for the Court to not recognize the appraisal value for the loss amount as to Thurman's dwelling. Therefore, the Court recognizes $457,064.44 to be the loss amount as to Thurman's dwelling.

However, the evidence before the Court does not clearly indicate whether Safeco untimely paid insurance proceeds (and untimely approved such payments) to Thurman in violation of the Prompt Payment of Claims Act and the Insurance Policy.[1] Notably, "[n]othing in the [Prompt Payment of Claims Act] would excuse an insurer from liability for [Prompt Payment of Claims Act] damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Barbara Techs. Corp.*, 589 S.W.3d at 819. Further, an insurer's *timely* payment of a binding and enforceable appraisal award estops an insured's breach of contract claim. *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds*

---

[1] The Insurance Policy contains provisions governing the time within which Safeco must deny or approve and pay insurance claims (Dkt. #21, Exhibit 2 at pp. 19, 38).

*London*, 439 Fed. App'x 366, 368 (5th Cir. 2012). Therefore, a genuine issue of material fact remains as to Thurman's breach of contract and Prompt Payment of Claims Act claims.

Additionally, a genuine issue of material fact remains on Thurman's other claims. Safeco's remaining arguments depend on the dismissal of Thurman's breach of contract claim, which has not occurred (Dkt. #21 at pp. 14–19). Therefore, summary judgment is not appropriate as to any of Thurman's remaining claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment (Dkt. #21) is **GRANTED in part**. The appraisal value of $457,064.44 set the loss amount as to Thurman's dwelling at $457,064.44. All other relief requested in Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment is denied.

It is further **ORDERED** that Defendant Safeco Insurance Company of Indiana's Supplemental Motion for Summary Judgment (Dkt. #36) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 26th day of July, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE